IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MONICA WASHINGTON (AIS # 268208R),)
                                      )
       PLAINTIFF,               )
                                        )
v.                                    )  CIVIL ACTION NO.  2:10-cv-796-MEF
                                        )
FRANK ALBRIGHT, et al.,        )
                                        )  (WO- Publish)
       DEFENDANTS.          )

**MEMORANDUM OPINION AND ORDER**

Monica Washington ("Washington"), a female inmate at The Tutwiler Prison for Women ("Tutwiler") alleges violations of her rights under the United States Constitution and various claims pursuant to federal law arising out of the alleged sexual misconduct of a correctional officer.  Although Washington originally brought suit against the correctional officer, the Court dismissed those claims after Washington failed to timely serve him.  What remains pending before the Court are Washington's claims against Frank Albright ("Albright"), the Warden at Tutwiler, who is sued in his individual and in his official capacities, and Washington's claims against Richard Allen ("Allen"), the Commissioner of the Alabama Department of Corrections ("ADOC") at the times material to this action, who is sued in his individual and official capacities.  This cause is presently before the Court on the Motion to Dismiss Amended Complaint (Doc. # 20) filed on January 4, 2011 by counsel for Albright and Allen.  By this motion, they contend that all claims against them in the First Amended Complaint are due to be dismissed.  To the extent that the motion seeks dismissal

of the claims pursuant to federal law, the Court agrees, however, it will dismiss the claims

pursuant to state law without prejudice.

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§

1331, 1343(a), and 1367.  Additionally, Defendants have not argued that the Court does not

have personal jurisdiction over them.  Pursuant to 28 U.S.C. § 1391(b), venue is appropriate

in this district.

## LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint.  Prior to the

Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), a motion to

dismiss could only be granted if a plaintiff could prove "no set of facts . . . which would

entitle him to relief."  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hishon v.

King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir.

1986).  Now, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v.

Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570 (2007)); *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir.

2009).  A complaint states a facially plausible claim for relief "when the plaintiff pleads

factual content that allows the court to draw a reasonable inference that the defendant is

liable for the misconduct alleged."  *Iqbal*, --- U.S. ----, 129 S. Ct. at 1949.  A complaint does

2

not state a facially plausible claim for relief if it shows only "a sheer possibility that the defendant acted unlawfully." *Id.* While a complaint need not contain detailed factual allegations to survive a motion pursuant to Federal Rule of Civil Procedure 12(b)(6), "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotation marks and citations omitted). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Id.* In considering a defendant's motion to dismiss, a district court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the plaintiff. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). *Accord, Nelson v. Campbell*, 541 U.S. 637, 640 (2004) (where a court is considering dismissal of a complaint at the pleading stage, it must assume the allegations of the complaint are true).

## FACTUAL[1] AND PROCEDURAL BACKGROUND

Due to the procedural posture of this case, the following is a summary of the factual basis for the lawsuit as set forth by the allegations of the First Amended Complaint (Doc. # 9). Unfortunately, the First Amended Complaint is long on legal conclusions and very short on facts. The facts alleged are as follows.

In September of 2099, Washington began serving a sentence at Tutwiler. On or about

---

[1]   This recitation of facts is derived from the plaintiff's complaint. As is required on a Motion to Dismiss, the Court will take as true all pleaded factual allegations.

3

June of 2010, a correctional officer employed at Tutwiler forced Washington to engage in sexual intercourse with him.  Washington became pregnant as a result.  After the sexual assault, Washington notified a ADOC employee of the assault.  This employee reported it to Albright.  Albright ordered a lie detector test of Washington.  Washington passed this test.

Alabama law makes it unlawful for any employee of the ADOC to engage in sexual conduct with a person who is in the custody of ADOC.  ADOC's administrative regulations prohibit any behavior of a sexual nature to be directed toward an inmate and prohibit any social relationships between offenders and employees of ADOC.  Nevertheless, Washington alleges that these policies caused a rampant environment of abuse, including sexual abuse against female inmates inside Tutwiler.  *See* Doc. # 19 at ¶ 17.

With respect to Albright and Allen, Washington alleges that they "were aware or should have been aware for[sic] the potential for abuse because of the rampant nature of the abuse, and because of the recent cases of <u>Laube v. Haley</u>, 234 F. Supp. 2d 1227 (M.D. Ala. 2002) and <u>Laube v. Campbell</u>, 333 F. Supp. 2d 1234 (M.D. Ala. 2004)."  *Id.* at ¶ 18. Because she was sexually assaulted by a correctional officer at Tutwiler after the filing of these cases, Washington alleges that Albright and Allen were on notice of the significant risk of substantial injury to female inmates, but were deliberately indifferent to those risks.  *Id.* at ¶¶ 19-20.  Washington's First Amended Complaint is replete with allegations concerning what Allen and Albright could and should have done to better supervise conditions at Tutwiler.  Washington alleges in a very general fashion that custodial sexual attacks at

4

Tutwiler were "known."  *Id.* at ¶¶ 40d & 43d.

On September 21, 2010, Washington filed suit against Allen, Albright, ADOC, and Rodney Arbuthnot ("Arbuthnot"), the correctional officer who sexually assaulted her. Washington failed to serve Arbuthnot within the time specified in the Federal Rules of Civil Procedure.  The Court dismissed her claims against him without prejudice.  Allen, Albright, and ADOC filed a motion to dismiss in November of 2010.  Washington conceded that the claims against ADOC were due to be dismissed along with certain state law counts against Albright and Allen.  In addition to opposing the motion to dismiss, Washington sought and received leave to file the First Amended Complaint.  Allen and Albright filed the motion to dismiss now before the Court.

## DISCUSSION

Albright and Allen, individual defendants eligible to assert the qualified immunity defense to Washington's claims in this lawsuit, contend that Washington's allegations fail to meet the Eleventh Circuit Court of Appeals "heightened pleading" requirement for cases such as this one.   In response Washington contends that her pleadings satisfy that requirement.  In Albright and Allen's supplemental response, they acknowledge that at least one panel of the Eleventh Circuit Court of Appeals has held that recent Supreme Court precedents have overruled the prior decisions from the Eleventh Circuit imposing a heightened pleading requirement in cases such as this one.  *See Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010).  Nevertheless, Albright and Allen dispute whether *Randall* can

properly abrogate Eleventh Circuit's heightened pleading requirement.  Thus, the Court is compelled to assess the state of the law and determine whether heightened pleading is applicable to this action.

**A.  The Tangled History of the Eleventh Circuit's Heightened Pleading Requirement**

The Eleventh Circuit Court of Appeals has long required plaintiffs bringing claims pursuant to 42 U.S.C. § 1983 to satisfy a heightened pleading standard.  *See, e.g., Oladeinde v. City of Birmingham,* 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied,* 507 U.S. 987 (1993); *Arnold v. Board of Educ. Of Escambia County, Ala.,* 880 F.2d 305, 310 (11th Cir. 1989); *Johnson v. Wells*, 566 F.2d 1016, 1017 (5th Cir. 1978)[2]; *Cook v. Whiteside*, 505 F.2d 32, 34 5th Cir. 1974.  To satisfy this standard in such cases, a plaintiff must plead her claims with some factual detail.  *Oladeinde.* 963 F.2d at 1485.  Moreover, it is clear that in this early cases it was merely the fact that the plaintiff sought relief pursuant to § 1983 which triggered the heightened pleading obligation.

In 1993, the Supreme Court of the United States held that courts may not impose a heightened pleading requirement for claims pursuant to 42 U.S.C. § 1983 against municipal entities, but it specifically declined to reach the issue of whether a similar holding was warranted in such cases against individual government actors.  *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 167-68 (1993).  In 2002,

---

[2] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

the United States Supreme Court decided a case which once again has caused some courts to reconsider the appropriateness of requiring heightened pleading.  In *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506 (2002), the Supreme Court held that "an employment discrimination complaint need not include [specific facts establishing a prima facie case of discrimination under the framework set forth by *McDonnell Douglas Corp. v. Green*] and instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Swierkiewicz,* 534 U.S. at 508 (*citing* Fed. R. Civ. P. 8(a)(2)).

After *Leatherman* and *Swierkiewicz*, the Eleventh Circuit Court of Appeals determined that it was still appropriate to require heightened pleading in some cases pursuant to 42 U.S.C. § 1983 or similar cases against officials who are able to assert qualified immunity as a defense.  *See, e.g, Danley v. Allen*, 540 F.3d 1298, 1313-1314 (11th Cir. 2008); *Dalrymple v. Reno*, 344 F.3d 991, 996 911th Cir. 2003); *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1250-51 (11th Cir. 2003)*; Cottone v. Jenne*, 326 F.3d 1352, 1362 n.7 (11th Cir. 2003);; *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003) (applying heightened pleading standard to motion to dismiss in a *Bivens* action); *Laurie v. Alabama Court of Crim. Appeals,* 256 F.3d 1266, 1275-76 (11th Cir. 2001) ("'Heightened pleading is the law of this circuit' when § 1983 claims are asserted against government officials in their individual capacities."); *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000) (recognizing "heightened pleading requirement applicable to section 1983 actions against individual government officials"); *GJR Invs., Inc. v. County of Escambia, Fla.,* 132 F.3d

7

1359, 1367-68 (11th Cir. 1998).

While the clearly announced specific holding of *Swierkiewicz* makes it plain that it is applicable to employment discrimination cases and does not address cases against individual governmental actors pursuant to 42 U.S.C. § 1983, nearly every Circuit Court of Appeals has subsequently rejected a heightened pleading requirement in cases against government officials pursuant to 42 U.S.C. § 1983. The First, Second, Third, Fourth, Sixth, Seventh, Eighth, Ninth, Tenth, and D.C. Circuits have rejected heightened pleading in the wake of *Leatherman , Swierkiewicz* and *Crawford-El v. Britton,* 532 U.S. 574 (1998) (rejecting a heightened burden of proof in a civil rights case against government officials). *See, e.g., Thomas v. Independence Township*, 463 F.3d 285, 294-95 (3rd Cir. 2006) ("The marching orders of the Supreme Court in both *Leatherman* and *Swierkiewicz* are clear: the notice pleading standard of Rule 8(a) applies in all civil actions, unless otherwise specified in the Federal Rules or statutory law. There is no federal rule or statute that prescribes a heightened pleading standard in § 1983 civil rights actions in which the defendant pleads a qualified immunity defense."); *Moore v. Greenwood Sch. Dist. No. 52*, 195 Fed. Appx. 140 143-44 (4th Cir. 2006); *Doe v. Cassel,* 403 F.3d 986, 988-89 (8th Cir. 2005); *Educadores Puertorriquenos en Accion v. Hernandez,* 367 F.3d 61, 66-67 (1st Cir. 2004); *Alston v. Parker,* 363 F.3d 229, 233-35 (3rd Cir. 2004); *Phelps v. Kapnolas,* 308 F.2d 180, 187 (2d Cir. 2002); *Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1125-26 (9th Cir. 2002); *Goad v. Mitchell,* 297 F.3d 497, 501-05 (6th Cir. 2002); *Higgs v. Carver,* 286 F.3d 437, 439

8

(7th Cir. 2002); *Currier v. Doran,* 242 F.3d 905, 911-17 (10th Cir. 2001); *Harbury v.*
*Deutch*, 233 F.3d 596, 610 (D.C. Cir. 2000), *rev'd on other grounds sub nom. Christopher*
*v. Harbury,* 536 U.S. 403 (2002) ("plaintiffs making constitutional claims based on improper
motive need not meet any special heightened pleading standard"). *See also* 2 James Wm.
Moore et al., Moore's Federal Practice § 9.10[2], at 9-62-67 (3rd ed. 2004). Despite this
apparent trend, the Eleventh Circuit Court of Appeals reiterated that it requires heightened
pleading in civil rights cases to the extent that they are brought against individual defendants
who might raise a qualified immunity defense on several occasions since the Supreme Court
decided *Swierkiewicz. See, e.g., Swann v. Southern Health Partners, Inc.,* 388 F.3d 834, 838
(11th Cir. 2004); *Dalrymple v. Reno,* 334 F.3d 991, 996 (11th Cir. 2003); *Gonzalez,* 325 F.3d
at 1235. Thus until 2010, the Eleventh Circuit Court of Appeals maintained its settled
position on heightened pleading.

In 2007, the Supreme Court decided *Jones v. Bock*, 549 U.S. 199 (2007). In that case,
a prisoner brought a claim pursuant to § 1983. The case presented the question of whether
it was appropriate to require him to plead in his complaint facts which established that he had
exhausted his administrative remedies prior to suit as required by the Prisoner Litigation
Reform Act. In a unanimous decision, the Supreme Court invoked its prior holdings in
*Leatherman* and *Swierkiewicz* and explained that it had "explained that courts should
generally not depart from the usual practice under the Federal Rules on the basis of perceived
policy concerns." *Id.* at 212. Ultimately, the Supreme Court held that exhaustion was not

something which the PLRA statutorily required such a plaintiff to plead and consequently the plaintiff need only satisfy the requirements of Federal Rule of Civil Procedure 8, and a defendant could raise failure to exhaust as an affirmative defense.  *Id.*  at 216-17.

In 2007, the Supreme Court also decided *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007).  A putative class of consumers brought the action against local exchange carriers alleging an antitrust conspiracy in violation of the Sherman Act.  In this opinion, the Supreme Court used the case to clarify that Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to provide grounds of his entitlement to relief beyond labels, conclusions, or a formulaic recitation of the elements of a cause of action.  550 U.S. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* (internal citations omitted).  Thus, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it does demand more than an unadorned, the defendant-unlawfully-harmed-me accusation.  *Iqbal*, 129 S. Ct. at 1949 (characterizing the holding of *Twombly*).  "Naked assertions" devoid of "further factual enhancement" simply do not suffice.  *Id.*  Starting with *Twombly*, the Supreme Court made it very plain that to survive a motion to dismiss, a complaint must contain sufficient factual allegations that if accepted as true, state a claim to relief that is plausible on its face.  *Twombly*, 550 U.C. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged; it asks for

more than the sheer possibility that the defendant has acted unlawfully.  *Id.* at 556.  Where a complaint pleads only facts that are consistent with a defendant's liability, but stops short of showing a plausible entitlement to relief, a motion to dismiss is due to be granted.  *Id.* at 557.

Two years later, the Supreme Court again explored the proper standard for a motion to dismiss.  In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court held that a pretrial detainee's complaint against current and former officials of the federal government alleging a series of unconstitutional action against him in connection with the conditions of his confinement was legally insufficient.  Because the individual defendants involved in the *Iqbal* case were federal officials and not state or local officials, the case was a *Bivens* action[3] and not one brought pursuant to § 1983.  Nevertheless, it clearly involved defendants to whom the defense of qualified immunity was available and a type of action in which *respondeat superior* does not provide a basis for liability, much like similar cases under § 1983.  *See generally, Iqbal*, 129 S. Ct. 1937.  The Supreme Court carefully reiterated the guiding principles at play in consideration of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) it had previously outlined in *Twombly*.  It underscored the requirements imposed by Federal Rule of Civil Procedure 8.

First, the tenet that a court must accept as true all of the allegations contained

---

[3]  In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), the Supreme Court recognized held that a plaintiff could state a cause of action and recover money damages against a federal official for constitutional violations occurring under color of federal law in certain circumstances.

> in the complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice.  Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.

*Iqbal*, 129 S. Ct. at 1949-50 (internal citation to *Twombly* omitted).

On June 30, 2010, a panel of the Eleventh Circuit Court of Appeals explained that while it was bound by the holdings of earlier panels unless and until those holdings were clearly overruled by the court acting *en banc* or by the Supreme Court in a decision clearly on point, it was persuaded that the Eleventh Circuits' prior application of a heightened pleading standard for § 1983 cases involving defendants able to assert qualified immunity were overturned by *Iqbal*.  *Randall v. Scott*, 610 F.3d 701, 707-710 (11th Cir. 2010) (holding that heightened pleading did not apply to a § 1983 action brought by a state employee against various state officials).  As a district court in the Eleventh Circuit, this Court views the holding of *Randall* as binding precedent.  Defendants argue that the Court should reject *Randall* not because it is distinguishable, but because it was wrongly decided.  In so doing, they appear to acknowledge that this argument is one best presented to the Eleventh Circuit and not to this Court.

Further muddying the waters, is the fact that decisions since *Randall* have not uniformly rejected heightened pleading in § 1983 cases.  A number of courts within the Eleventh Circuit have relied upon *Randall* and held that there is no longer any heightened

12

pleading standard for § 1983 claims against individuals entitled to qualified immunity. *See, e.g., Springman v. City of Venice*, No. 10-15102, 2011 WL 3846524 at *4 n.5 (11th Cir. Aug. 31, 2011); *Milton v. Turner*, No. 10-11955, 2011 WL 3654392 at *1 (11th Cir. Aug. 19, 2011); *Barnes v. City of Dothan*, No. 11-cv-201-MEF, 2011 WL 2650218 at *6 n.5 (M.D. Ala. July 7, 2011) (Fuller, J.); *Munion v. Malloy*, No. 2:10cv273-Ftm-29SPC, 2011 WL 2531176 at *1 (M.D. Fla. June 24, 2011); *City of Fort Lauderdale v. Scott*, 773 F. Supp. 2d 1355, 1363 (S.D. Fla. 2011). However, at least one panel decision from the Eleventh Circuit decided after *Randall* makes no mention of it and employs the heightened pleading standard. *See, e.g., Heflin v. Miami-Dade County*, 393 Fed. Appx. 658, 659-60 (11th Cir. 2010).

This Court is persuaded that the appropriate course is to follow the holding of *Randall* and reject heightened pleading. The Court notes that this may not be a case in which the applicable standard makes a difference. For the reasons set forth below, the Court finds that Washington's pleading fails to satisfy the pleading standards announced in *Iqbal*, *Twombly*, and their progeny. Logically, if the pleading is insufficient to met that lesser standard, it would also be insufficient under the heightened pleading standard which this Court declines to apply in this case.

**B. Application of Standard to this Washington's Remaining Federal Claims**

Despite two attempts to sufficiently plead her federal claims against Allen and Albright, Washington has failed to set forth more than naked assertions devoid of further factual enhancement with respect to Allen and Albright. When the Court looks to the

13

allegations contained in the First Amended Complaint, ignoring conclusory statements and threadbare recitals of the elements of the federal causes of action against Albright and Allen. Armed with nothing more than conclusions, she cannot plausibly state a claim for relief against Allen or Albright that survives their motion to dismiss.  Washington alleges that Albright and Allen were aware or should have been aware of the potential that she would suffer sexual abuse at the hands of a correctional officer because of a lawsuit filed in 2002 which alleged that gross overcrowding at Tutwiler resulted in inadequate health care and increased risk of harm to inmates at the hands of other inmates.  Washington asserts her conclusion that Allen and Albright failed to protect her from the "known harm" of their own officers and guards," but pleads absolutely no factual predicate for such a conclusion. Because the claims against Allen and Albright cannot be predicated upon a *respondeat superior* variety of liability and must instead be predicated on the deliberate indifference of Allen and Albright to risk that Washington's constitutional rights would be violated by a correctional officer sexually abusing her.  While this general legal conclusion is plead, the First Amended Complaint is devoid of any factual allegations upon which such a conclusion could be based.  Given that all the official policies and state laws in place at the time of her assault prohibited the very conduct in which the correctional officer engaged, Washington must have some factual predicate upon which to base her claims of deliberate indifference against Allen and Albright.  As a matter of law, this is inadequate.  Consequently, the motion to dismiss is due to be GRANTED with respect to the claims pursuant to Counts IV and V.

14

Moreover, to the extent that any of the claims for injunctive relief in Count VIII are predicated on alleged violations of federal law or brought pursuant to § 1983, those claims are also due to be DISMISSED.

**D.  Remaining State Law Claims**

All federal claims over which this Court had original subject-matter jurisdiction have now been dismissed: all claims against Arbuthnot were dismissed pursuant to Federal Rule of Civil Procedure 4(m) and this order dismisses all federal claims against Allen and Albright.  The Court will now address whether it will consider the remaining claims pursuant to Alabama law or dismiss them without prejudice.

In addition to Washington's claims pursuant to § 1983, Washington brings a number of claims pursuant to Alabama law.  This Court has supplemental subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1367.   The statutory provision addressing supplemental jurisdiction provides that

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).  Thus, Section 1367(a) provides a basis for this Court to exercise jurisdiction over Washington's claims pursuant to Alabama law because it has jurisdiction over her claims pursuant to § 1983.  However, the requirement contained in § 1367(a) that

15

this Court exercise its supplemental jurisdiction over Washington's state law claims is

subject to certain enumerated instances in which it is appropriate for a federal court to

decline to exercise its supplemental jurisdiction over a case.  Those circumstances are set

forth in Section 1367(c), which provides that

> The district courts may decline to exercise supplemental
> jurisdiction over a claim under subsection (a) if –
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or
> claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which
> it has original jurisdiction, or
> (4) in exceptional circumstances, there are other
> compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  The Court finds that claims before this Court pursuant to § 1367(a)

present novel or complex issues of Alabama law.  Additionally, the federal claims over which

this Court had original jurisdiction have now been resolved against Washington or dismissed

without prejudice.  Pursuant to 28 U.S.C. § 1367(c)(1) & (3), the Court declines to exercise

supplemental jurisdiction over Washington's claims pursuant to Alabama law.   All of

Washington's claims pursuant to Alabama law will accordingly be DISMISSED WITHOUT

PREJUDICE.  This dismissal should not work to Washington's disadvantage should she elect

to bring suit in state court because the period of limitations for any of these claims is tolled

during the pendency of this action.  *See* 28 U.S.C. § 1367(d).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

1.  The Motion to Dismiss Amended Complaint (Doc. # 20) is GRANTED in part and DENIED in part.  To the extent that it seeks the dismissal with prejudice of Counts IV, V, and portions of Count VIII predicated on § 1983, it is GRANTED.  To the extent that it seeks the dismissal with prejudice of Counts VI, VII, and portions of Count VIII predicated on Alabama law, it is DENIED.

2.  All claims against Allen and Albright pursuant to § 1983 are DISMISSED WITH PREJUDICE.

3.  All claims against Allen and Albright pursuant to Alabama law are DISMISSED WITHOUT PREJUDICE.

4.  All claims in this action having been dismissed, the Court will enter a separate final judgment.

DONE this the 30th day of September, 2011.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE

17